## MORRIS v. KEMPSHALL MANUF'G CO. and others.[1]

*(Circuit Court, D. Connecticut.   1886.)*

PATENTS FOR INVENTIONS—SASH FASTENERS.
  Letters patent No. 212,487, of February 18, 1879, to John B. Morris, for an improvement in sash fasteners, *held* limited by the prior art to the specific construction it describes, and not infringed by fasteners made under letters patent No. 284,506, of September 4, 1883.

In Equity.

*Samuel D. Cozzens*, for plaintiff.

*Charles E. Mitchell*, for defendants.

SHIPMAN, J.   This is a bill in equity to restrain the defendants from the alleged infringement of letters patent, No. 212,487, dated February 18, 1879, to the plaintiff, for an improvement in fasteners for meeting rails of sashes.   The plaintiff had received a patent, (No. 205,568,) dated July 2, 1878, for a sash-fastener, of which the following general description was given by the plaintiff's expert:

"The mechanism described in this patent consists of a latch-bar, swinging on a vertical pivot on a plate for attaching it to the upper rail of the lower sash, the said swinging latch-bar having a gravitating catch, and the plate or notch or shoulder with which said catch engages, to hold the bar in its locked condition; the latch-bar having also a vertical lip on its outer end, engaging in the rear of a curved spur or hook fixed to the upper surface of the bottom rail of the upper sash, beneath which spur the latch-bar engages to prevent the sash being raised, while the hook or lip on the extremity of the latch-bar engages behind the spur on the upper sash in order to prevent the forcing of the sashes apart horizontally."

The patent of 1879 was an improvement upon the patent of 1878 in three particulars, which are described by the patentee in his specification as follows:

"The improvement hereinafter described is designed to enable the latch-bar to be securely set or fastened in the unlocked or locked position, at will, and to be usable with sashes of various sizes.   My improvement further comprises a construction of latch-bar and supporting-plate which secures the arrest of the bar at the extremities of its stroke or swing, without the use or necessity of any projection from the general level of the plate top.   My improvement further comprises a construction of latch-bar and of the engaging spur or hook whereby the heel of the bar is duly supported without necessitating the use of a hard core in moulding the said hook."

The first part of the improvement was effected by a base-plate, elevated so high above the lower sash that the hinged pendant could not strike against it, but would fall into the locking notch upon the front edge of the plate, and also into a sloping jog on its right side, which receives and retains the pendant when the latch-bar is in the open position.   The second part was effected by making another bevel-jog

[1]Edited by Charles C. Linthicum, Esq., of the Chicago bar.

on the left side of the elevated plate, which jog received a projection from the under side of the latch-bar. This projection limits the swing of the bar. The third part was effected by cutting away the base-plate of the hook in a sloping form, so as to leave an open space beneath the hook, for the purpose of enabling it to be moulded without a core. Inasmuch as this shape would leave the rear end of the latch-bar unsupported, the patentee says: "I form on said rear extremity a heel or prolongation, $f'''$, which rests upon the bed-plate, $G'$. in the locked condition of the fastening."

The two claims of the patent are as follows:

"(1) The improved sash lock or fastening, consisting of the elevated plate, C, having shouldered notches, $c'$, $c''$, $c'''$, pivot, E, for swinging latch-bar, F, $f$, and the hinged pendant, H, for attachment to the lower sash, in combination with a stationary spur or cam hook upon the upper sash, substantially as set forth. (2) The combination, with the spur or cam hook, G, upon base-plate, $G'$, constructed with an open space beneath said hook to enable the part to be moulded without a core, of the swinging latch-bar, F, having lip, $f$, and projection, $f''$, adapted to project beyond the open space, and furnish a support for the latch-bar, substantially as described."

The important feature of the improvement was the elevated base-plate with the shouldered notches upon its edge, into which the hinged pendant could fall and swing clear of the sash-rail. A hinged pendant, which fell into notches in the base-plate, and thereby secured the fastener, was old at the date of the Morris invention, and is shown in Exhibit "Old Gravity Sash-lock."

The defendants' sash-fastener is made under letters patent issued to the Kempshall Manufacturing Company, as assignee of William E. Sparks, on September 4, 1883. "The important portion of the Sparks invention is a flange or cap, which is preferably made integral with the post upon which the sweep is pivoted, and which is provided with two shoulders or notches, K, made in the edge of the flange. When the sweep is brought to the front the handle end of its latch, which is heavy enough to overbalance the inner end of the latch, causes the latch to drop, and thereby the inner end is raised into engagement with one of the shoulders, and the sweep is locked. The invention consists, in substance, of the pivoted latch of the sweep, which locks into notches in the edge of the flange at the top of the post upon which the sweep is pivoted, and above the sweep." *Morris* v. *Kempshall Manuf'g Co.*, 20 Fed. Rep. 121.

The plaintiff insists that the plate and the pendant or latch of each fastener are the same, and that the notches in the flange of the Sparks post are the equivalent of the notches in the base-plate of the Morris device. If Morris had been the pioneer in the construction of sash-fasteners by means of a hinged pendant falling into notches upon the base-plate, the plaintiff would have a strong position; but, inasmuch as the "gravity sash-lock" preceded him, and contained a hinged pendant and a notched base-plate, it is giving the plaintiff's patent too broad a construction to allow it to cover notches not upon the

base-plate proper, but upon the post or pivot of the latch-bar, into which a weighted latch falls, although the base-plate may be elevated.

The first claim of the plaintiff's patent must be construed in accordance with the extent of his invention, which was a base-plate elevated above the lower sash, so that the hinged pendant could engage with notches upon the base-plate proper, irrespective of the thickness of the sash, and cannot cover a fastener, although having a plate elevated above the lower sash, which fastener is furnished with a weighted latch which engages with notches on the edge of the flange at the top of the post above the sweep.

The second claim is, in general, for the cam-hook or keeper upon its base-plate, which is so cut away underneath as to enable the hook to be cast without a core, in combination with the latch-bar having a lip, and also a projection to project beyond the open space, and furnish a support for the latch-bar. I doubt whether this construction contains a patentable invention. The "undercutting" of the front of the base-plate, and the corresponding lengthening of the latch-bar, hardly seem to deserve the name of invention, in view of the many mechanical arrangements of this sort which are known to workers in metals. But, if it is technically patentable, the defendants' fastener does not have such a rearward projection as the patent calls for, but has the latch-bar of the customary style of construction.

The bill is dismissed.